**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JORDAN BAILEY**, on behalf of himself and all others similarly situated, | ) ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **PLAINTIFF'S COLLECTIVE AND** |
| **BLACK TIE MANAGEMENT COMPANY LLC;** | ) **CLASS ACTION COMPLAINT** |
| | ) |
| **BLACK TIE MOVING SERVICES LLC;** | ) |
| | ) |
| **BLACK TIE MOVING COLUMBUS LLC;** | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| **BLACK TIE MOVING CLEVELAND LLC;** | ) |
| | ) |
| **BLACK TIE MOVING CINCINNATI LLC;** | ) |
| | ) |
| **JAMES DUSTIN BLACK;** and | ) |
| | ) |
| **CHRISTOPHER HESS,** | ) |
| | ) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Jordan Bailey ("Plaintiff"), by and through counsel, for his Complaint against

Defendants Black Tie Management Company LLC, Black Tie Moving Services LLC, Black Tie

Moving Columbus LLC, Black Tie Moving Cleveland LLC, Black Tie Moving Cincinnati LLC,

James Dustin Black, and Christopher Hess (collectively "Defendants"), seeking all available relief

under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio

Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"),

and the Ohio Constitution, Oh. Const. Art. II, § 34a (referred to collectively as the "Ohio Wage

Laws"). The following allegations are based on personal knowledge of Plaintiff's own conduct

and upon information and belief as to the conduct and acts of others, state and allege as follows:

1

## INTRODUCTION

1)      This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Wage Laws; and concerns the underpayment of overtime and/or minimum wages to non-exempt employees.

2)      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

3)      Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for the non-payment of overtime on behalf of all similarly situated employees currently or previously employed by Defendants in Ohio within the two (2) years preceding the filing of this Action.

4)      Plaintiff also brings an individual claim for unpaid minimum wages pursuant to the OMFWSA and the Oh. Const. Art. II, § 34a.

## JURISDICTION AND VENUE

5)      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6)      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7)      The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

**PLAINTIFF**

8)      Plaintiff is an adult individual, residing in Franklin County, Ohio who was jointly

employed by Defendants from approximately November 2018 through March 2019.

9)      Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C.

§ 216(b), and is attached as **Exhibit A**.

**DEFENDANTS**

10)      Defendant Black Tie Management Company LLC d/b/a Black Tie Moving Services

is a Texas limited liability company and, upon information and belief, is the franchisor of all other

Defendants.[1] It is located at 1000 W. Crosby Rd. Suite 114, Carrollton, TX 75006, and can be

served through its registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Dr.,

Austin, TX 78717.

11)      Black Tie Moving Services LLC is a Texas limited liability company located at

3759 Broadmoore Way, Frisco, TX 75033, and which can be served through its registered agent,

United States Corporation Agents, Inc., at 9900 Spectrum Dr., Austin, TX 78717.

12)      Defendant Black Tie Moving Columbus LLC is a Texas limited liability company

located at 20 S. 3rd St., Ste. 210, Columbus, OH 43215-4206, and which can be served through its

registered agent, Chris Hess, at 6208 Lakeshire Dr., Dublin, OH 43017.

13)      Defendant Black Tie Moving Cleveland LLC, which also does business as Black

Tie Moving of Columbus, is a Texas limited liability company located at 600 Superior Avenue,

Fifth Third Building, Suite 1300, Cleveland OH 44114, and which can be served through its

registered agent, Chris Hess, at 6208 Lakeshire Dr., Dublin, OH 43017.

---

[1] See https://www.blacktiemoving.com/about-us/ (last viewed 4/23/19).

14)     Defendant Black Tie Moving Cincinnati LLC, which also does business as Black Tie Moving of Columbus, is a Texas limited liability company located at 201 E. 5th St, 19th Floor, Cincinnati OH 45202, and which can be served through its registered agent, Chris Hess, at 6208 Lakeshire Dr., Dublin, OH 43017.

15)     Defendant James Dustin Black is an individual residing at 7 Winged Foot Place, Brentwood, TN 37027, where he can be served. Defendant Black holds leadership roles across the forgoing Defendants. For example, he is the founder and chief executive officer of Black Tie Moving Company. He is an officer and/or director of Defendants Black Tie Management Company LLC, Black Tie Moving Services LLC, Black Tie Moving Columbus LLC, Black Tie Moving Cincinnati LLC, and Black Tie Moving Cleveland LLC.

16)     Defendant Christopher Hess is an individual residing at 6208 Lakeshire Drive, Dublin, Ohio 43017, where he can be served. He is a Partner of Black Tie Moving Company, along with James Dustin Black. Defendant Christopher Hess is also the registered agent of Black Tie Moving Columbus LLC, Black Tie Moving Cleveland LLC, and Black Tie Moving Cincinnati LLC.

## **FACTUAL ALLEGATIONS**

17)     Defendants hold themselves out as providing services "[f]rom packing to loading, unloading and even storage, our professional movers are here to help you with your local relocation."[23]

18)     Their advertised services expressly identify "Intrastate Movers" and "Local Movers" as services separate from "Interstate Movers" and "Long Distance Movers."[4]

_____

[2] https://www.blacktiemoving.com/ (last viewed 4/23/19).
[3] https://www.blacktiemoving.com/intrastate-movers/ (last viewed 4/23/19).
[4] https://www.blacktiemoving.com/local-movers/ (last viewed 4/23/19).

4

19)    Defendants employ and/or employed Plaintiff and others similarly situated to carry out their exclusive "local" and/or "intrastate" moving services in Arizona, Arkansas, Georgia, Kentucky, Ohio, Tennessee, and Texas.[5]

20)    Plaintiff and others similarly situated were jointly employed by Defendants as non-exempt drivers and/or movers who never crossed state lines; or at a minimum, did not cross state lines for periods of four or more months and/or otherwise had no expectation of crossing state lines.

21)    Plaintiff and others similarly situated were misclassified by Defendants as independent contractors.

22)    Plaintiff and others similarly situated had the ability to work for Defendants for an indefinite time, subject to rights of termination or resignation, and were not limited by contract as to term of employment.

23)    Plaintiff and others similarly situated are required to wear uniforms displaying Black Tie Moving logos.

24)    Defendants control the days, hours, and locations worked by Plaintiff and others similarly situated.

### Unpaid Compensable Work

25)    Plaintiff and others similarly situated are and/or were required to meet at locations designated by Defendants where the moving trucks would be, and at which time Plaintiff and others similarly situated are and/or were required to engage in compensable work, such as counting down pads and organizing for the day's work.

---

[5] https://www.blacktiemoving.com/moving-companies/ (last viewed 4/23/19).

26)     These meetings and related work are necessary and indispensable parts of the principal activities of Plaintiff and others similarly situated, were required by Defendants, and were performed for the Defendants' benefit.

27)     Plaintiff and others similarly situated would not be paid for this time; rather, Defendants only paid Plaintiff and those similarly situated for work starting upon arrival at the customers' homes or other locations.

28)     Similarly, Plaintiff and those similarly situated were not paid for drive time from the meeting location to the first job site, for travel time between job sites, and/or travel time returning to the initial meeting location at the end of the workday.

29)     Defendants did not count this time as hours worked by Plaintiff and others similarly situated.

30)     Plaintiff and others similarly situated regularly worked more than 40 hours in a workweek.

31)     Plaintiff and others similarly situated are not paid at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

32)     The unpaid meeting time and travel time further increases the amount of time over 40 hours per week that Defendants did/do not pay Plaintiff and others similarly situated overtime compensation at a rate of at least one and on-half times their regular rates.

## Defendants Are Joint Employers

33)     At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and the Ohio Wage Laws.

34)     At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the Ohio Wage Laws.

35) Defendants form a single employer or a single integrated enterprise.

36) Defendants perform related activities through unified operations or common control for a common business purpose.

37) Defendants share resources, including the website www.blacktiemoving.com. They share business locations, advertising, marketing, owners, managers, officers, directors, offices, and registered agents.

38) Defendants' business arrangement permit the sharing of employee services, and Defendants in fact did share the services of Plaintiff and those similarly situated.

39) At all relevant times, Defendants, individually and collectively, comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

40) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

41) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

42) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

43) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

44) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

45) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

46) At all relevant times, Defendants shared ultimate authority and control of employment records.

47) At all relevant times, Defendants mutually benefitted from the work performed by Plaintiff and others similarly situated.

48) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

49) At all relevant times, Defendants shared or had the ability to share the services of Plaintiff and others similarly situated.

50) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

51) As a matter of economic reality, Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and the Ohio Wage Laws.

52) Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

53) The exact amount of unpaid wages, including overtime compensation that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

54) The FLSA and the Ohio Wage Laws require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Defendants failed to make, keep, and preserve records of all required and unpaid

work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and other similarly situated employees are entitled to a reasonable estimate of such time.

**Plaintiff's Minimum Wages Allegations**

55)    Plaintiff was never paid his last paycheck, and more than 30 days has pass since he performed work for which such wages were due.

56)    Accordingly, Defendants violated Ohio Law by not paying Plaintiff at least the lawful minimum wage for all hours worked.

57)    Plaintiff is entitled to unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorneys' fees and costs.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

58)    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59)    Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

60)    The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current drivers, movers, and related positions with different titles, employed by Defendants; who did not cross state lines for periods of four (4) months or more; who performed off-the-clock work, were not paid travel time, and/or not paid overtime within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Collective").**

61)    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages and/or overtime compensation, liquidated

9

damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

62)      The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

63)      Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of current or former employees employed by Defendants in Ohio, defined as:

> **All former and current drivers, movers, and related positions with different titles, employed by Defendants; who did not cross state lines for periods of four months or more; who performed off-the-clock work, were not paid travel time, and/or not paid overtime within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio Overtime Class").**

64)      The Ohio Overtime Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Overtime Class; but, upon information and belief aver that each class consists of at least 40 employees (the exact number will be in Defendants' records).

65)      There are questions of law or fact common to the Ohio Overtime Class including: whether Defendants' practices in Ohio resulted in its employees not being paid overtime wages and whether such wages remain unpaid.

10

66)     Plaintiff will adequately protect the interests of the Ohio Overtime Class members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Overtime Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Overtime Class in this case.

67)     The questions of law or fact that are common to the Ohio Overtime Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to each class, listed above, are common to each class as a whole, and predominate over any questions affecting only individual class members.

68)     Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Overtime Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Overtime Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Collective)

69)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70)     Defendants are individual and joint "employers" covered by the overtime requirements of the FLSA.

71)     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

11

72)     As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid overtime compensation for those hours.

73)     Defendants violated the FLSA by having a company-wide policy of requiring Plaintiff and others similarly situated to perform non-exempt work, and by failing to pay them overtime compensation for hours worked over 40 in a workweek.

74)     Plaintiff and others similarly situated were not exempt under the FLSA.

75)     Defendants' practices and policies described herein violated the FLSA.

76)     Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

77)     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

78)     As a result of Defendants' practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

79)     Pursuant to the FLSA, Plaintiff is entitled to attorneys' fees and costs incurred.

**COUNT TWO**
**(Overtime Violations – Ohio Overtime Class)**

80)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81)     Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

12

82)     Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

83)     The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

84)     As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid overtime compensation for those hours.

85)     Defendants violated the OMFWSA by having a company-wide policy by requiring Plaintiff and others similarly situated to perform non-exempt work, and by failing to pay them overtime compensation for hours worked over 40 in a workweek.

86)     Plaintiff and others similarly situated were not exempt under the OMFWSA.

87)     Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the OMFWSA.

88)     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

89)     As a result of Defendants' practices, Plaintiff and the Ohio Overtime Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

90)     Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**<u>COUNT THREE</u>**
**(Ohio Minimum Wage Violation – Individually by Plaintiff)**

91)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

13

92) Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

93) The Ohio Wage Laws requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

94) Plaintiff worked hours in one or more workweeks in which he was not paid a minimum wage.

95) Defendants jointly violated the Ohio Wage Laws by not paying Plaintiff minimum wages for all hours worked.

96) Plaintiff was not exempt under the Ohio Wage Laws.

97) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

98) As a result of Defendants' practices, Plaintiff was harmed in that he has not received his last pay check; and because wages remain unpaid, damages continue.

99) Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Overtime Class members;

C. Award Plaintiff, and the collectives and class he represents, actual damages for unpaid wages;

D.   Award Plaintiff, and the collectives and class he represents, liquidated damages equal in amount to the unpaid wages found due to Plaintiff and those similarly situated;

E.   Award to Plaintiff unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorney's fees and costs;

F.   Award Plaintiff, and the collectives and class he represents, pre-judgment and post-judgment interest at the statutory rate;

G.   Award Plaintiff, and the collectives and class he represents, attorneys' fees, costs, and disbursements; and

H.   Award Plaintiff, and the collectives and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

15