**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION OF COLUMBUS**

| | | |
|---|---|---|
| JORDAN BAILEY, on behalf of himself and all other similarly situated, | ) ) ) | CASE NO. 2:19-cv-01677-EAS-KAJ |
| Plaintiff, | ) ) | Chief Judge Edmund A. Sargus, Jr. |
| V. | ) ) | Magistrate Judge Kimberly A. Jolson |
| BLACK TIE MANAGEMENT COMPANY LLC; BLACK TIE MOVING SERVICES LLC; BLACK TIE MOVING COLUMBUS LLC; BLACK TIE MOVING CLEVELAND LLC; BLACK TIE MOVING CINCINNATI LLC; JAMES DUSTIN BLACK; and CHRISTOPHER HESS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

**DEFENDANTS BLACK TIE MANAGEMENT COMPANY LLC; BLACK TIE MOVING SERVICES LLC; BLACK TIE MOVING COLUMBUS LLC; BLACK TIE MOVING CLEVELAND LLC; BLACK TIE MOVING CINCINNATI LLC; and CHRISTOPHER HESS' MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITIVE STATEMENT**

---

Defendants Black Tie Management Company LLC; Black Tie Moving Services LLC; Black Tie Moving Columbus LLC; Black Tie Moving Cleveland LLC; Black Tie Moving Cincinnati LLC; and Christopher Hess hereby move to Dismiss Plaintiff's Complaint, or in the alternative, require Plaintiff to replead.  As written, Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it is devoid of adequate factual allegations to support its claims and thus fails to satisfy the pleading standards imposed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the Federal Rules of Civil Procedure.

The reasons for Defendants' Motion are set forth more fully in the accompanying Memorandum in Support.

- 2 -

Respectfully submitted,

*s/Michael R. Fortney*
Michael L. Fortney (#0032878)
Michael R. Fortney (#0092325)
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, OH  44333
(330) 572-1313
fortney@stark-knoll.com
mfortney@stark-knoll.com

ATTORNEYS FOR DEFENDANTS
BLACK TIE MANAGEMENT COMPANY
LLC; BLACK TIE MOVING SERVICES
LLC; BLACK TIE MOVING COLUMBUS
LLC; BLACK TIE MOVING
CLEVELAND LLC; BLACK TIE
MOVING CINCINNATI LLC; and
CHRISTOPHER HESS

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION**

This is a purported overtime and minimum wage case brought by Plaintiff against a broad spectrum of Defendants. While Plaintiff alleges a "common employer" type theory, Plaintiff fails to allege with any rationale precisely which Defendant(s) commit which acts. Instead, Plaintiff bunches Defendants together under the lumped category of "Defendants." Such broad pleading goes beyond the liberal pleading standards permitted by the Rules and fails to afford Defendant(s) a chance to adequately respond to the allegations. For the reasons below, Plaintiff's broad style of pleading should be dismissed or Plaintiff should be required to allege which Defendant(s) committed which alleged acts.

**II.     LEGAL STANDARD**

Rule 8(a) of the FRCP provides that: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought..." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court held that to avoid dismissal, "factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level...'".

"In the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002); *see also Compuware Corp. v. Int'l Business Machines*, 259 F. Supp. 2d 597, 600 (E.D. Mich. 2002) ("A more definite statement is warranted in instances where a complaint is unintelligibly vague or does not contain information sufficient to formulate a responsive pleading. Fed. R. Civ. P. 12(e).").

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing is [sic] not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Kurek v. Ohio Department of Development Disabilities*, Case No. 3:16CV623, 2017 WL 1555930 (N.D. Ohio Western Division) quoting *Lewis v. County of San Diego*, 2014 WL 3527719, *6 (S.D. Cal.); *see also Rivera-Nazario v. Corporacion del Fodo del Seguro del Estado*, 2015 WL 5254417, *15 (D.P.R.) ("[p]laintiffs were not allowed to lump Defendants together without pleading individualized facts"); *Grant v. AC Mortg. Copr.*, 2010 WL 2509415, *3 (E.D. Cal.) (complaint that "lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8").

## III.  ARGUMENT

### A.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Where a plaintiff fails to provide sufficient factual support for its claims, the court must dismiss those claims.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Plaintiff alleges that he "had the ability to work for Defendants for an indefinite time…" (Complaint, ¶22). However, Plaintiff does not allege which Defendant(s) Plaintiff did any work for at all. Under Plaintiff's current pleading, any person capable of helping with moving services could be a Plaintiff against any moving company in the nation. Further, Plaintiff does not allege which Defendant Plaintiff worked for and when Plaintiff provided services. Plaintiff alleges that "Plaintiff and others similarly situated were required to meet at locations designated by Defendants…" (Complaint, ¶25). However, Plaintiff does not say which Defendant told the named Plaintiff, or any proposed Plaintiff, where to be and what to do when he/she got to the location. Instead, Plaintiff makes the broad assertion that Plaintiff, and the entirety of the proposed class,

were told this by each Defendant. For one Defendant in particular, Mr. Hess, Plaintiff alleges that

Mr. Hess is a partner in Black Tie Moving Company, but "Black Tie Moving Company" is not

even a party to this proceeding.  (Complaint, ¶16). As another example, Plaintiff states that "[t]heir

advertised services expressly identify…." (Complaint, ¶18). Assuming the word Defendants was

errantly left out, this sentence does not even place Defendants in the sentence at all nor delineate

which Defendant advertises such services. This is telling as two of the Defendants are individuals

whose names are not even alleged by Plaintiff to be on the website(s).

This broad shotgun pleading method employed by Plaintiff makes drafting an appropriate

answer virtually impossible. While Civil Rule 8 has a broad legal pleading standard, such

conclusory allegations as those made by Plaintiff herein should be dismissed when Plaintiff fails

"to edit and organize [its] claims and supporting allegations into a manageable format." *Aaron v.

Durrani*, 1:13-CV-202, 2014 WL 996471, at *2 (S.D. Ohio Mar. 13, 2014) citing *Hollon v. E. Ky.

Corr. Complex*, No. 10–CV–177–KSF, 2012 U.S. Dist. LEXIS 74676, at *5, 2010 WL 2924091

(E.D.Ky. July 22, 2010). Here, Plaintiff's complaint is devoid of any organization nor manageable

format for each Defendant to be able to respond, thus dismissal is appropriate.

**B.**     **REQUEST FOR MORE DEFINITIVE STATEMENT**

As it stands, there is simply no way to determine the nature and substance of Plaintiff's

claims as it pertains to each Defendant. Civil Rule 12(e), however, allows a defendant to seek more

information when a complaint is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous
> that a party cannot reasonably be required to frame a responsive pleading, the party
> may move for a more definitive statement before interposing a responsive pleading.
> The motion shall point out the defects complained of and the details desired. Fed.
> Rule Civ. P. 12(e)

Therefore, if Defendants' motion to dismiss is not granted, Defendants respectfully request the Court to exercise its discretion and order Plaintiff to amend its Complaint to adequately allege which Defendants committed which acts.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its motion and dismiss Plaintiff's claims with prejudice or in the alternative force Plaintiff to replead as provided herein.

Respectfully submitted,

*s/Michael R. Fortney*
Michael L. Fortney (#0032878)
Michael R. Fortney (#0092325)
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, OH  44333
(330) 572-1313
fortney@stark-knoll.com
mfortney@stark-knoll.com

ATTORNEYS FOR DEFENDANTS
BLACK TIE MANAGEMENT COMPANY
LLC; BLACK TIE MOVING SERVICES
LLC; BLACK TIE MOVING COLUMBUS
LLC; BLACK TIE MOVING
CLEVELAND LLC; BLACK TIE
MOVING CINCINNATI LLC; and
CHRISTOPHER HESS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2019, a copy of the foregoing was submitted for electronic filing. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Clerk of Court's E-Filing System.

*s/Michael R. Fortney*_____
Michael R. Fortney (#0092325)