IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION OF COLUMBIA

JORDAN BAILEY, on behalf of himself and all others similarly situated

Plaintiff,

VS.

BLACK TIE MANAGEMENT COMPANY LLC; BLACK TIE MOVING SERVICES LLC;
BLACK TIE MOVING COLUMBUS LLC;
BLACK TIE MOVING CLEVELAND LLC;
BLACK TIE MOVING CINCINNATI LLC;
JAMES DUSTIN BLACK; and
CHRISTOPHER HESS,

Defendants.

CASE NO. 2:19-cv-01677-EAS-KAJ

Chief Judge Edmond A. Sargus, Jr.

Magistrate Judge Kimberly A. Jolson

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. §216(B)**

Michael L. Fortney (#0032878)
Michael R. Fortney (#0092324)
Stark & Knoll
3475 Ridgewood Road
Akron, OH 44333-3163
(330) 572-1313
(330) 572-1254 (fax)
Email: mfortney@stark-knoll.com
fortney@stark-knoll.com

Timothy Micah Dortch
Potts Law Firm, LLP
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
(214) 396-9427
(469) 217-8296 (fax)
Email: mdortch@potts-law.com
admitted *pro hac vice*

Attorneys for Defendants,
BLACK TIE MANAGEMENT COMPANY LLC; BLACK TIE MOVING SERVICES LLC; BLACK TIE MOVING COLUMBUS LLC; BLACK TIE MOVING CLEVELAND LLC; BLACK TIE MOVING CINCINNATI LLC; JAMES DUSTIN BLACK and CHRISTOPHER HESS

## I.  INTRODUCTION

On August 16, 2019, Plaintiff Jordan Bailey ("Bailey" or "Plaintiff"), moved this Court for conditional certification of "all former and current drivers, movers, and related positions with different titles, employed by Defendants[1] who performed off-the-clock work, were not paid travel time, and/or not paid overtime from April 29, 2016 through the final disposition of this matter." (ECF No. 22, p. 3).  Plaintiff's Motion for Conditional Certification and Court-Authorized Notice ("Motion for Certification") must be denied for the following reasons:

1. Plaintiff's Motion for Certification should be denied because the Declarations offered by Plaintiff in support of his Motion for Certification are so defective as to amount to no evidence to support collective certification, as set forth in Black Tie's Objections to Declarations Attached to Plaintiff's Motion for Conditional Certification ("Objections to Declaration"), which is being filed simultaneously with this Response and which are incorporated herein by reference. (ECF No. 25).  The Declarations do not satisfy the minimum standards necessary for the Court to conditionally certify a collective.

2. The Court should permit Black Tie to conduct discovery prior to certifying the collective requested by Plaintiff.  Black Tie contends that discovery will demonstrate that the putative collective members are independent contractors to whom the wage and hour requirements in the Fair Labor Standards Act ("FLSA") do not apply.  Accordingly, conducting discovery now will avoid the unnecessary time and expense involved in a subsequent motion to decertify once the evidence shows that the putative collective is composed of independent contractors rather than employees.

---

[1]   Black Tie Management Company LLC, Black Tie Moving Services LLC, Black Tie Moving Columbus LLC, Black Tie Moving Cleveland LLC, Black Tie Moving Cincinnati LLC, James Dustin Black, and Christopher Hess (collectively "Black Tie" or "Defendants").

3. The proposed opt-in Plaintiffs and the named Plaintiff are not similarly situated because determining whether Black Tie paid its drivers and movers for all of the time they allegedly worked requires examining each such driver and mover individually and independently to determine the jurisdiction where each person worked, what the employment period was for each affected person, the duties each person performed, what the hours allegedly worked were for each affected person, what each affected person was paid, whether each affected person should have been paid for additional time, and the number of hours each affected person worked during the week(s) in question. These variations are too drastic to permit the assertion that the affected employees are similarly situated.

For all of these reasons, and even assuming the most lenient conditional certification standard is appropriate, Defendants contend that conditional certification should be denied because Plaintiff cannot establish a "modest factual showing" that they are similarly situated to each other or the putative class, as is required for conditional certification. For this reason, and for those detailed below, Defendants request that this Court deny Plaintiff's Motion for Certification in its entirety.

## II. STATEMENT OF THE CASE

On April 29, 2019, Bailey filed a Collective and Class Action Complaint ("Complaint") on behalf of himself and other "similarly situated" employees whom Bailey desires to join in this case pursuant to 29 U.S.C. §216(b). (ECF No. 1). The Complaint alleges that Defendants failed to pay Plaintiff and others similarly situated for compensable off-the-clock work, failed to pay them compensable travel time, and failed to pay them compensation for hours worked in excess of 40 in a workweek, in violation of the FLSA and the Ohio Wage Law. (*Id.*).

On June 18, 2019, Plaintiff amended his Complaint to include the allegation that Defendants misclassified Plaintiff and others similarly situated as independent contractors. (ECF No. 12).

On August 6, 2019, Plaintiff moved to conditionally certify the class he seeks to represent. (ECF No. 22). In his Motion for Certification, Plaintiff requests conditional certification of the following collective:

> All former and current drivers, movers, and related positions with different titles, employed by Defendants who performed off-the-clock work, were not paid travel time, and/or not paid overtime from April 29, 2016 through the final disposition of this matter ("Opt-ins," "FLSA Collective," or "Putative Collective Members").

(*Id.*).

For the reasons shown below, the Court should deny conditional certification. If the Court conditionally certifies the collective, the Court should sustain Defendants' objections to the proposed Notice to Potential Opt-In Plaintiffs, which objections are set forth below in Section IV.

## III. ARGUMENT AND AUTHORITIES

### A. Plaintiff Failed to Present Admissible Evidence to Support His Motion for Certification

#### 1. *The Applicable Standard Requires Plaintiff to Establish a "Modest Factual Showing" That He is Similarly Situated to the Putative Class He Seeks to Represent*

Before setting forth the applicable standard, a distinction must be drawn between overtime claims as a "collective action" pursuant to 29 U.S.C. §216(b) of the FLSA and the state law overtime claims, which must be brought as a "class action" pursuant to FED. R. CIV. P. 23. *See, e.g., Thomas v. Speedway SuperAmerica, LLC,* 506 F.3d 496, 499–500 (6th Cir. 2007). At this time, Plaintiff only seeks "collective action" certification pursuant to §216(b).

Generally, "class certification" in a collective action unfolds in two stages. At stage one, the court conditionally decides which employees, if any, count as being "similarly situated" to the plaintiff and thus eligible to receive a court-approved letter. *Taylor v. Pilot Corp*., 697 F. App'x 854, 857 (6th Cir. 2017); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) *citing Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 167–68 (1989). Courts and litigants often refer to this stage as "conditional class certification." *Id*. Unlike actual class certification under Rule 23, however, its only effect is to allow notice to the employees; the "conditional class members" do not become parties or obtain any "independent legal status." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S.Ct. 1523, 1530 (2013). If the court conditionally certifies the collective, the court supervises plaintiff's notice to employees who may become plaintiffs. *Taylor* at 857; *Comer* at 547. The court will usually receive a motion from the plaintiff asking it to approve a letter informing employees that they may be "similarly situated" to her and may consent to joining the action. *Id*.

The standard used at the first stage review, to determine whether to conditionally certify the collective, depends on the circumstances of the case. A first stage review where no discovery has taken place requires Plaintiff to make a "modest factual showing" that they are similarly situated to the proposed class. *Jasper v. Home Health Connection, Inc*., Case No. 2:16-cv-00125, 2016 WL 3102226, at *2 (S.D. Ohio June 1, 2016); *Jungkunz v. Schaeffer's Inv. Research Inc*., No. 1:11-cv-00691, 2014 WL 1302553, at *5 (S.D. Ohio Mar. 31, 2014).

At stage two, the court reexamines whether the employees actually meet the similarly-situated requirement and should be allowed to proceed collectively. *Taylor*, 697 F. App'x at 857-58; *Comer*, 454 F.3d at 547. At this point, the court knows who has opted in and generally has

more information to work with from discovery. *Taylor* at 858; *Comer* at 547. It can remove employees from the "class" it "certified" at stage one. *Id*.

### 2. *Plaintiff Failed to Meet His Burden Because He Failed to Present Admissible Evidence*

Plaintiffs seeking conditional certification "must present some evidence to support allegations that others are similarly situated." *Sisson v. OhioHealth Corp.*, 2013 WL 6049028, at *2 (S.D. Ohio Nov. 14, 2013). This is the "modest factual showing" that Plaintiff is required to make. *Jasper*, 2016 WL 3102226, at *2; *Jungkunz*, 2014 WL 1302553, at *5.

To support his Motion for Certification, Plaintiff offered four Declarations, one of which was his own. (ECF No. 22-2). The Declarations are extremely repetitive and are nearly verbatim recitations of the same mantras, with a few variations. With one possible exception, none of the Declarants did work for Black Tie for any appreciable length of time. One Declarant, Alex Phipps, admits to having done work for Black Tie "for approximately two to three weeks." (ECF No. 22-2, p. 11). Yet, despite having very little exposure to Black Tie, these Declarants engage in rank speculation and conclusory allegations about Black Tie's operations and other procedures as well as their status as independent contractors.

Defendants filed, in conjunction with this Response, their Objections to Declarations. (ECF No. 25). As shown by Defendants' Objections, the Declarants frequently engage in speculation and make only conclusory allegations to support Plaintiff's Motion for Certification. Conclusory allegations constitute no evidence. *See, e.g.*, *Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017), *cert. denied*, 138 S. Ct. 637, 199 L. Ed. 2d 542 (2018); *Sigmon v. Appalachian Coal Props.*, 400 Fed.Appx. 43, 48–49 (6th Cir. 2010) ("While an affidavit may certainly be sufficient to establish a genuine issue of material fact ... that is not

the case if the affidavit contains only conclusory allegations and naked conclusions of law ....”); *Corwin v. Quinonez*, 858 F. Supp. 2d 903, 911 (N.D. Ohio 2012).

One such conclusory allegation is pivotal to this case and is made by every Declarant, and in Paragraph 7 of every Declaration, and it is the only offer of purported evidence made by Plaintiff on the critical issue of whether the movers and drivers in question were independent contractors or employees. That conclusory allegation is the following: “Black Tie controlled the days, hours, and locations that I worked.” (ECF 22-2, pp. 3, 6, 9, 12).

Clearly, such a statement is conclusory and constitutes no evidence that any of the Declarants were employees rather than independent contractors. Thus, Plaintiff failed to overcome his first and most basic hurdle: demonstrating that he, and others similarly situated, were employees of Black Tie rather than independent contractors. Without that proof, Plaintiff is not entitled to wage compensation under the FLSA and, accordingly, is not entitled to conditional collective certification.

In addition, Declarants also speculate that others will want to join this lawsuit, with each of them using the same tag-line, that they are “confident” others will want to join the lawsuit. This is not personal knowledge, but mere hope. Declarants do not actually name anyone who they *know* will join this lawsuit. The logical inference is that the Declarants seek to exploit the Section 216 process in order to discover names of persons who might join in this lawsuit. This is an impermissible use of the conditional certification process because “an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action.” *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007).

In seeking conditional certification of their FLSA claims against Defendants, the Declarants here do not demonstrate any factual nexus between their underlying legal and factual

allegations and those of other potential opt-in plaintiffs. "Representative evidence that is statistically inadequate or based on implausible assumptions could not lead to a fair or accurate estimate of the uncompensated hours an employee has worked." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1048–49 (2016).

Accordingly, because Plaintiff presented no evidence that he and the other Declarants were employees of Black Tie rather than independent contractors, because Plaintiff presented no evidence that the putative collective members would be similarly situated, and because Plaintiff presented no evidence that they know of anyone who would join the collective, the Court should deny Plaintiff's Motion for Certification.

### B. <u>The Court Should Permit Black Tie to Conduct Discovery Before Conditionally Certifying the Collective Requested by Plaintiff</u>

Without a viable claim, lead plaintiffs cannot represent others whom they allege to be similarly situated. *Jones-Turner v. Yellow Enterprise Sys., LLC*, 597 F. App'x 293, 298 (6th Cir. 2015). The Court should permit Black Tie to conduct discovery prior to certifying the collective requested by Plaintiff because discovery may demonstrate that the putative collective members are independent contractors to whom the FLSA's wage and hour requirements do not apply. If so, then conducting limited discovery now into the issue of whether Black Tie's movers and drivers were employees or independent contractors will avoid unnecessary time and expense involved in the type of broad discovery that follows conditional certification. Also, if the Court concludes that Black Tie's movers and drivers are independent contractors, conducting limited discovery now will avoid the time and expense of a subsequent motion to decertify.

The Sixth Circuit Court of Appeals has summarized how a court determines whether an employment relationship exists:

> Whether an employment relationship exists under a given set of circumstances "is not fixed by labels that parties may attach to their relationship nor by common

> law categories nor by classifications under other statutes." *Powell v. U.S. Cartridge Co*., 339 U.S. 492, 528, 70 S.Ct. 577, 94 L.Ed. 1017 (1950). Rather, it is the "economic reality" of the relationship between the parties that determines whether their relationship is one of employment or something else. *[Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (*quoting Goldberg v. Whitaker House Coop., Inc*., 366 U.S. 28, 33, 81 S.Ct. 993, 6 L.Ed.2d 100 (1961))]. "The issue of the employment relationship does not lend itself to a precise test, but is to be determined on a case-by-case basis upon the circumstances of the whole business activity." *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984) (*quoting Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947)).
>
> ...
>
> For example, in distinguishing between employees and independent contractors, courts have focused on "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *See, e.g., Hopkins v. Cornerstone Am*., 545 F.3d 338, 343 (5th Cir. 2008). To guide the inquiry, courts consider factors such as the degree of control exercised by the alleged employer, the extent of the relative investments of the worker and the alleged employer, the degree to which the worker's opportunity for profit or loss is determined by the alleged employer, the skill and initiative required in performing the job, and the permanency of the relationship. *Id*. No one factor is dispositive, nor can the "collective answers to all of the inquiries produce a resolution which submerges the dominant factor—economic dependence...." The five tests are aids—tools to be used to gauge the degree of dependence of the alleged employees on the business with which they are connected. It is dependence that indicates employee status. *Usery v. Pilgrim Equip. Co., Inc*., 527 F.2d 1308, 1311-12 (5th Cir. 1976). Each factor must be applied with the ultimate notion of dependence in mind. *Id*.

*Solis v. Laurelbrook Sanitarium and School, Inc.*, 642 F.3d 518, 522-23 (6th Cir. 2011).

The question of whether an individual is an employer, as that term is defined, is a question of law. *Fegley v. Higgins*, 16 F.3d 1126, 1131 (6th Cir. 1994). The question of whether an employment relationship exists is also a question of law. *Id*. at 1132. There are situations in which there is a material issue of fact which precludes determining the status of an employment relationship as a matter of law. "[W]here there is a genuine issue of fact or conflicting inferences can be drawn from the undisputed facts, as here, the question [of employment status] is to be resolved by the finder of fact in accordance with the appropriate rules of law." *Lilley v. BTM Corp*., 958 F.2d 746, 750 n.1 (6th Cir. 1992).

Thus, a question of law exists at this stage of the lawsuit which should be determined before the Court certifies a collective and allows opt-in notices to be mailed to potential members of the collective.

### C. Plaintiff Failed to Show that He is Similarly Situated to the Putative Collective Members

The "lead plaintiffs bear the burden to show that the proposed class members are similarly situated to the lead plaintiff." *Myers v. Marietta Memorial Hosp.*, 201 F.Supp.3d 884, 890 (S.D. Ohio 2016). Proving that putative collective members are similarly situated for purposes of conditional certification requires the presentation of "some evidence establishing a colorable basis that the putative class members were all the victims of a single decision, policy, or plan." *Roberts v. Target Corp.*, No. CIV–11–0951–HE, 2013WL 5256867, at *2 (W.D. Okla. Sept. 17, 2013).

As shown above, because of the defects in the Declarations, neither Plaintiff nor any of the other Declarants have offered evidence that they were all the victims of a single decision, policy or plan, nor have they proven that they are similarly situated. Thus, having failed to make a "modest fact showing," Plaintiff's Motion for Certification should be denied.

Even if the Court were to entertain the Declarations, Plaintiff failed to show that he is "similarly situated" to the potential collective members. Determining whether Black Tie paid its drivers and movers for all of the time they allegedly worked requires examining each such driver and mover individually and independently to determine the jurisdiction where each person worked, what the employment period was for each affected person, the duties each person performed, what the hours allegedly worked were for each affected person, what each affected person was paid, whether each affected person should have been paid for additional time, and the

number of hours each affected person worked during the week(s) in question. These variations are too drastic to permit the assertion that the affected employees are similarly situated.

In *Lugo v. Farmer's Pride Inc*., 737 F. Supp. 2d 291 (E.D. Pa. 2010), the Plaintiffs did not satisfy the "similarly situated" requirement for certification of a collective action in a FLSA suit in which the employees claimed that their employer failed to fully compensate them for time spent donning and doffing items of personal protective equipment and clothing ("PPE"), and related activities, at the beginning and end of their shifts and their meal period. *Id*. at 302-03. The employer's policies and practices impacted the individual employees in individual ways, particularly since they worked in different positions and departments and on different shifts, and the positions and departments varied not only as to the PPE required and worn, but also as to the schedules followed and the amount of time provided for donning-and-doffing activities. *Id*.

*Lugo* greatly resembles the claims made in this case, where movers and drivers work in different positions, at different shifts, and at different Black Tie companies located in different jurisdictions. Even accepting the Declarations at face value, there is great variance in the amount of alleged unpaid overtime and in the activities which the different potential class members were engaged in for which they allegedly were uncompensated. As in *Lugo*, this Court should also conclude that the variations are too great to permit a finding that the putative class members are "similarly situated" to Plaintiff.

Likewise, in *Morisky v. Pub. Serv. Elec. & Gas Co*., 111 F. Supp. 2d 493 (D.N.J. 2000), the plaintiff argued that the defendants' "common scheme" to deny them overtime binds the class, making all plaintiffs similarly situated. *Id*. at 498. However, the court agreed with the defendants, who pointed out that what the plaintiffs were really challenging was the defendants' determination that the employees were exempt under the FSLA. *Id*. To determine which

employees were entitled to overtime compensation under the FSLA depended on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria; therefore, "similarly situated" in *Morisky* had to be analyzed in terms of the nature of the job duties performed by each class member, as the ultimate issue to be determined was whether each employee was properly classified as exempt. *Id*. The court held that "Plaintiffs have made no showing that the job responsibilities of the named plaintiffs are the same or similar to those of the remaining members of the proposed class, or that the opt-in plaintiffs could properly be classified as non-exempt employees." *Id*.

The same situation confronts this Court here. Plaintiff is actually challenging his classification as exempt because he is an independent contractor. To determine whether collective certification is appropriate, the Court should first determine whether the putative class members are independent contractors or not. Doing so requires an independent analysis of each employee's job responsibilities, which is inherently inconsistent with these workers being a collective.

In *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279 (S.D.N.Y. 2015), *aff'd*, 687 Fed. Appx. 39 (2d Cir. 2017), a case involving employees of a bank, the court decertified the collective after the parties conducted two years of discovery, stating that "Plaintiffs have advanced the ball very little in demonstrating a common plan or scheme … Plaintiffs still rely largely on anecdotal allegations of violations, secondhand statements regarding companywide policy to force unpaid overtime attributed to branch managers, and a pair of entirely appropriate workplace policies that interacted—with highly uneven and uncertain effect—across Citibank's many branches." *Id*. at 299. The court concluded that the Plaintiffs failed to prove that they were "similarly situated." *Id*.

Even if the Court admits the Declarations offered by Plaintiff here, the Declarants' proof consists of nothing more than what the plaintiffs offered in *Ruiz*: "anecdotal allegations of violations [and] secondhand statements regarding companywide policy." Rather than wait two years to discover that certification was improper, as the *Ruiz* court did, this Court should deny certification now.

In *Zavala v. Wal-Mart Stores Inc*., 691 F.3d 527 (3d Cir. 2012), the Third Circuit affirmed the district court's denial of collective certification of numerous migrant workers whom Wal-Mart hired to clean its stores. Although there were commonalities among the proposed plaintiffs, the putative class members worked in 180 different stores in 33 states throughout the country and for 70 different contractors and subcontractors. *Id*. at 538. The individuals worked varying hours and for different wages depending on the contractor. *Id*. These factors evidenced "significant differences in the factual and employment settings of the individual claimants" sufficient to deny certification. *Id*. Moreover, the court recognized that different defenses might be available to Wal-Mart with respect to each proposed plaintiff, including the defense that individual cleaners were not Wal-Mart employees, but independent contractors. *Id*.

Like *Zavala*, the movers and drivers implicated by Plaintiff's Motion for Certification work in different stores and in different states, and they have different job duties, different managers, and received different pay. They cannot possibly be "similarly situated" any more than the migrant workers in *Zavala*.

In *Sharma v. Burberry Ltd*., 52 F. Supp. 3d 443 (E.D.N.Y. 2014), the court refused to allow nationwide certification of a proposed collective because "Plaintiffs' submissions do not include sufficient evidence of a nationwide common policy or plan to deny [sales associates] pay for overtime." *Id*. at 459. Likewise, here, Declarants' speculations and innuendo is not

sufficient evidence of a nationwide company policy by Black Tie to prevent them from obtaining overtime pay.

These cases all demonstrate a consistent approach taken by the courts to not allow certification of a collective when there are too many inherent differences in the potential class members. These cases are remarkably like the present one in terms of the distinctions between putative class members which defeat the "similarly situated" requirement to obtain certification.

## IV. <u>OBJECTIONS TO PLAINTIFF'S PROPOSED NOTICE</u>

### A. <u>The Notice Should Not be Sent to Persons Barred by Limitations from Recovering</u>

Plaintiff's proposed Notice of Unpaid Overtime Wage Lawsuit ("Notice"), which Plaintiff requests the Court permit be sent to putative collective members, encompasses workers "during the time period of April 29, 2016 to the present." (ECF No. 22-1, p. 2).

The statute of limitations for a wage claim brought under the FLSA is two years. 29 U.S.C. §255(a). Plaintiff has offered no evidence of a willful violation which would extend the statute of limitations to three years. Plaintiff filed suit on April 29, 2019. (ECF No. 1). Thus, the earliest relevant date to a collective action would be April 29, 2017 – not April 29, 2016.

Moreover, the statute of limitations does not cease to run for persons who have not joined the action, even after suit is filed. *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019) ("the statute of limitations continues to run on each individual claim until each opt-in plaintiff files his or her consent to join the action"). Thus, the only persons, if any, who may be entitled to recover for allegedly unpaid wages against Black Tie are those persons who join this lawsuit within two years of the time they claim to have not been paid wages in accordance with the FLSA. Accordingly, if the Court conditionally certifies the collective, the collective should include only those current or former Black Tie movers and

drivers who assert unpaid wages within two years of the date the Court conditionally certifies the collective.

**B. The Notice Should Specify the Position of the Workers**

The Notice states that it is being sent to those who worked for Black Tie "as driver, mover, or related worker with different job title." (ECF No. 22-1, p. 2). The term "related worker with different job title" is confusing, vague and ambiguous. Plaintiff has offered no evidence that Black Tie assigned moving or driving responsibilities to anyone who did not have the title "mover" or "driver." None of the Declarants claim to have been anything other than a driver or mover. (ECF No. 22-2). Thus, if the Court grants conditional certification, then to avoid uncertainty and confusion, the Notice should be confined to those who worked for Black Tie "as a driver or mover."

**C. Consent to Join Forms Should Be Returnable by Fax or Mail Only**

The proposed Notice includes a Consent to Join form, which Plaintiff desires to send to current and former employees of Black Tie who are putative members of the proposed collective. The Notice and the Consent to Join, as currently drafted, allow persons to join the collective in one of three ways: by fax, by email, or by regular mail. (ECF No. 22-1, pp. 2, 3). This is not appropriate or warranted.

A Consent to Join sent by email would not actually be ***signed***, as is required by the Consent to Join form itself. Potential members of the collective should be required to ***sign*** the Consent to Join form, which can only be evidenced if done by facsimile or regular mail. Even an electronic signature cannot be verified as having actually been ***signed*** by the person in issue. Additionally, Plaintiff has not demonstrated that the putative class members require the ability to communicate their consent to join by email. At least one district court has held that the consent to join should not be transmitted by email. *Leyva v. 35 Bar & Grill, LLC,* No. CIV. SA-15-CA-

295-FB, 2015 WL 5751638, at *7 (W.D. Tex. Sept. 22, 2015) ("the Court agrees with defendants that plaintiff has not provided argument or authority to show it is unrealistic or impractical to ask potential class members to show their decision to opt-in by the traditional means of signing a paper consent form and returning it by mail").

Additionally, the Court should not permit the use of email because of privacy and confidentiality concerns. In *Galloway v. Chugach Gov't Servs., Inc.*, 263 F. Supp. 3d 151 (D.D.C. 2017), the court agreed with the defendant that "email addresses constitute 'inherently private information'" such that the defendant-employer should not be required to produce the email addresses of its employees to plaintiff for the purpose of sending the FLSA notice. *Id*. at 159; *see also Serebryakov v. Golden Touch Transportation of NY, Inc*., 181 F. Supp. 3d 169, 177 (E.D.N.Y. 2016) (employer was not required to produce phone numbers and electronic mail addresses for potential opt-in plaintiffs). The Court should eliminate this issue up front by refusing to allow the Notice to be sent or received via email.

Thus, if the Court conditionally certifies the collective, the Notice should not be sent by email, and the Consent to Join form should be returnable only by facsimile or regular mail.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully submit that Plaintiff has not met the burden of establishing that the class definition he proposes would encompass a group of similarly situated persons appropriate for a collective action. Furthermore, if the Court is considering certification, the court should first permit Defendants to conduct discovery into the nature of Plaintiff's and the putative class members' employment; i.e., whether such persons are employees or independent contractors. Accordingly, Defendants request that the Plaintiff's Motion for Conditional Certification and Court-Authorized Notice and Memorandum in Support be denied. Defendants also pray for all other relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ Timothy Micah Dortch*
Michael L. Fortney (#0032878)
Michael R. Fortney (#0092325)
STARK & KNOLL
3475 Ridgewood Road
Akron, Ohio 44333-3163
Telephone: (330) 572-1313
Fax: (330) 572-1254
fortney@stark-knoll.com
mfortney@stark-knoll.com

Timothy Micah Dortch, admitted *pro hac vice*
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Telephone: (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

ATTORNEY FOR DEFENDANTS, BLACK TIE MANAGEMENT COMPANY LLC; BLACK TIE MOVING SERVICES LLC; BLACK TIE MOVING COLUMBUS LLC; BLACK TIE MOVING CLEVELAND LLC; BLACK TIE MOVING CINCINNATI LLC; JAMES DUSTIN BLACK and CHRISTOPHER HESS

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 27, 2019, the undersigned filed the foregoing Defendants' Memorandum in Opposition to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice of Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. §216(b) was filed with the Clerk of the Court using the CM/ECF system, which will serve notice of this filing upon the following:

Robi J. Baishnab
Nilges Draher LLC
34 N. High Street, Suite 502
Columbus, OH 43215
rbaishnab@ohlaborlaw.com

Hans A. Nilges
Shannon M. Draher
Nilges Draher LLC
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*/s/ Timothy Micah Dortch*
TIMOTHY MICAH DORTCH