UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JORDAN BAILEY,**
On behalf of himself and all
others similarly situated

      **Plaintiff,**

v.

**BLACK TIE MANAGEMENT
COMPANY LLC,** *et al.,*

      **Defendants.**

Case No. 2:19-cv-1677
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

This matter is before the Court on Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice pursuant to 29 U.S.C. § 216(b). (ECF No. 22). Defendants Black Tie Management Company, LLC; Black Tie Moving Services, LLC; Black Tie Moving Columbus, LLC; Black Tie Moving Cleveland, LLC; Black Tie Moving Cincinnati, LLC (collectively "Black Tie"); James Dustin Black ("Black"); and Christopher Hess ("Hess") (collectively "Defendants") responded in opposition (ECF No. 26) and have objected to the declarations that Plaintiffs filed in support of their Motion for Conditional Class Certification (ECF No. 25). Plaintiff replied. (ECF No. 28). For the reasons stated herein, Plaintiff's Motion (ECF No. 22) is **GRANTED in part and DENIED in part**.

I.

Plaintiff Jordan Bailey ("Plaintiff" or "Bailey") alleges that all Defendants operate jointly as "Black Tie Moving." (Am. Compl. ¶ 17). The Defendants provide moving services, including packing, loading, unloading, and storage, in Arizona, Arkansas, California, Florida, Georgia,

Kentucky, Ohio, Tennessee, and Texas. (*Id.* ¶ 21). The Defendants allegedly hold themselves out as one enterprise known as "Black Tie Moving," and share resources, such as: the website www.blacktiemoving.com, business locations, advertising, marketing, owners, managers, officers, directors, and offices. (*See id.* ¶¶ 17, 19). Further, the Defendants require those who work for them to wear uniforms that display the "Black Time Moving" logo, meaning the uniforms do not differ between the different Black Tie entities. (*See id.* ¶¶ 23, 26).

Bailey worked on Black Tie's "Local" and "Intrastate" moving team from approximately November 2018 to March 2019. (Bailey Dec. ¶¶ 1, 4 [ECF No. 22-2, PAGEID ## 184–186]). While working for Black Tie, Bailey worked exclusively in Ohio, and he was required to wear the Black Tie Moving uniform while at work. (*Id.* ¶ 4). During the time Bailey worked for Black Tie, he regularly worked 50–60 hours per week, six or seven days per week, and was paid on an hourly basis. (*Id.* ¶¶ 1, 6, 11). Bailey never received overtime compensation from Black Tie as Black Tie misclassified him as an independent contract. (*Id.* ¶ 11). And while working for Black Tie, Bailey worked solely for Black Tie. (*Id.* ¶ 6).

Plaintiff has also submitted sworn Declarations from Cordell Holly ("Holly"), Kyle Lawson ("Lawson"), and Alex Phipps ("Phipps") (collectively, the "three Declarants"), who have described their experience working for Black Tie. (*See generally* Holly Dec. [ECF No. 22-2, PAGEID ## 187–189]; Lawson Dec. [ECF No. 22-2, PAGEID ## 190–192]; Phipps Dec. [ECF No. 22-2, PAGEID ## 193–195]). Holly worked for Black Tie from approximately September 2016 to April 2018. (Holly Dec. ¶ 1). Lawson worked for Black Tie from approximately March 2018 to October 2018. (Lawson Dec. ¶ 1). Phipps worked for Black Tie for approximately two to three weeks in April 2019. (Lawson Dec. ¶ 1).

The three Declarants have stated: 1) Black Tie paid them on an hourly basis, (Holly Dec.

2

¶ 1; Lawson Dec. ¶ 1; Phipps Dec. ¶ 1); 2) they regularly worked 50–60 hours per week, (Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11); 3) they were required to wear a Black Tie Moving uniform, (Holly Dec. ¶ 2; Lawson Dec. ¶ 2; Phipps Dec. ¶ 2); 4) Black Tie controlled when and where they worked, (Holly Dec. ¶ 7; Lawson Dec. ¶ 7; Phipps Dec. ¶ 7); 5) Black Tie misclassified them as independent contractors and, as such, did not pay overtime compensation to them, (Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11); 6) they rarely crossed state lines, and when they did so, Black Tie required them to wear "street clothes" instead of their Black Tie uniforms (Holly Dec. ¶ 5 Lawson Dec. ¶ 5); 7) after working a job that required them to cross state lines, they would not work another job where they were required to cross state lines for several months, (Holly Dec. ¶ 4; Lawson Dec. ¶ 4); and, while working for Black Tie, they all worked solely for Black Tie, (Holly Dec. ¶ 6; Lawson Dec. ¶ 6; Phipps Dec. ¶ 6).

Plaintiff commenced this action on April 29, 2019, with the filing of a three-count Complaint against the Defendants. (*See generally* Compl. [ECF No. 1]. Plaintiff filed an Amended Complaint against the Defendants on June 18, 2019, alleging violations of: 1) the Fair Labor Standards Act; 2) the Ohio Minimum Fair Wage Standards Act; and 3) the Ohio Wage Laws. (*Id.* ¶¶ 74–106). Plaintiff now comes before the Court seeking conditional certification of the following FLSA class:

> All former and current drivers, movers, and related positions with different titles, employed by Defendants who performed off-the-clock work, were not paid travel time, and/or not paid overtime from April 29, 2016 through the final disposition of this matter ("Opt-ins," "FLSA Collective," or "Putative Collective Members").

(Mot. for Cond. Cert. at 3) (footnote omitted).[1] Defendants oppose conditional certification and

---

[1] The Court notes that Plaintiff's Amended Complaint also proposes a class action for his state law claims. (*See* Am. Compl. ¶¶ 68–73). Whether Plaintiff has sufficiently demonstrated that a class action is proper for his state law claims, however, is not currently before this Court. (*See generally* Mot. for Cond. Cert.). Accordingly, this Opinion and Order will address only the FLSA collective.

3

have also objected to numerous aspects of the Declarations filed in support of Plaintiff's Motion for Conditional Certification. (*See* Def. Opp'n [ECF No. 26]; *see also* Def. Obj. [ECF No. 25]). Defendants submit the Court should deny conditional certification for three reasons: 1) Plaintiff has failed to proffer admissible evidence in support of conditional certification; 2) discovery should take place prior to conditional certification; and 3) Bailey is not similarly situated to the putative class. (*See generally* Def. Opp'n). Plaintiff replied and maintains that conditional certification of the proposed FLSA class is appropriate. (*See generally* Reply [ECF No. 28]). Plaintiff's Motion for Conditional Certification is now ripe for review.

## II. Motion for Conditional Class Certification

### A. Standard

Congress enacted the FLSA "with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. § 202(a). Among the FLSA's provisions is the overtime wage requirement, which requires "employers to compensate employees for hours in excess of 40 Hours per week at a rate of 1 1/2 times the employees' regular wages." *Id.*; *see also* 29 U.S.C. § 207(a).

"Independent contractors do not enjoy [the] FLSA's protections," rather, "only employees are entitled to overtime and minimum-wage compensation" under the FLSA. *Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (noting that "[t]he FLSA's definition of 'employee' is strikingly broad."). "To effect Congress's broad purpose," however, the Court "must look to see whether a worker, even when labeled as an 'independent contractor,' is, as a matter of 'economic reality,' an employee." *Id.* at 804 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) ("Where the work done, in its essence, follows the usual path

4

of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act.")).

To recover unpaid compensation owed under the FLSA, employees can collectively sue their employer. *See* 29 U.S.C. § 216(b). The FLSA establishes two requirements for a collective action. *See id.* The plaintiffs must: 1) be "similarly situated" and 2) signal in writing their affirmative consent to participate in the action. *Id.*; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "The certification process in an FLSA collective action typically proceeds in two phases." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015).

During the first stage, which generally takes place prior to or at the beginning of discovery, the Court must determine whether to conditionally certify the FLSA class and whether notice of the lawsuit should be given to putative class members. *Id.* at *5–6. Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard that typically results in conditional certification. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2001). A plaintiff need only made a "modest factual showing" that he is similarly situated to the putative class members. *Sisson v. Ohio Health Corp.*, No. 2:13-cv-517, 2013 WL 6049028, at *2 (S.D. Ohio Nov. 14, 2013). A plaintiff can meet this burden by demonstrating that he and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). If the Court conditionally certifies the FLSA class, notice is distributed to

the class, putative class members return the opt-in forms sent to them, and the parties conduct discovery. *See Jungkunz v. Schaeffer's Inv. Research, Inc.*, No. 1:11-cv-691, 2014 WL 1302553, at *6 (S.D. Ohio Mar. 31, 2014).

The second stage of the certification process occurs after the conclusion of discovery. *Id.* at *6 (citing *Comer*, 454 F.3d at 546–47; *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823 (N.D. Ohio 2011). During the second stage, a defendant may file a motion to decertify the class, and the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated. *Atkinson*, 2015 WL 853234, at *3.

**B.     Analysis**

Bailey requests that the Court conditionally certify the following class:

> All former and current drivers, movers, and related positions with different titles, employed by Defendants who performed off-the-clock work, were not paid travel time, and/or not paid overtime from April 29, 2016 through the final disposition of this matter[.]

(Mot. for Cond. Cert. at 3) (emphasis and footnote omitted). Black Tie, however, urges the Court to deny Bailey's request. Black Tie contends:

> 1.     Plaintiff's Motion for Certification should be denied because the Declarations offered by Plaintiff in support of his Motion for Certification are so defective as to amount to no evidence to support collective certification[.] . . .
>
> 2.     The Court should permit Black Tie to conduct discovery prior to certifying the collective requested by Plaintiff. Black Tie contends that discovery will demonstrate that the putative collective members are independent contractors to whom the wage and hour requirements in the Fair Labor Standards Act ("FLSA") do not apply. . . .
>
> 3.     The proposed opt-in Plaintiffs and the named Plaintiff are not similarly situated because determining whether Black Tie paid its drivers and movers for all of the time they allegedly worked requires examining each such driver and mover individually and independently to determine the jurisdiction where each person worked, what the employment period was for each affected person, the duties each performed, what the hours allegedly worked were for each affected person, what each affected person was paid, whether each affected person worked during the

week(s) in question. . . .

(Def. Opp'n at 2–3). These arguments all lack merit.

### 1. Sufficiency of Evidence

Simultaneous to filing their Response in Opposition to Conditional Certification, Black Tie filed a litany of objections to the Declarations attached to Plaintiff's Motion for Conditional Certification. Black Tie submits that "Declarants engage in rank speculation and conclusory allegations[.]" (Def. Opp'n at 6). Additionally, Black Tie alleges that many of the statements are inadmissible hearsay and should not be considered. (*See generally* Def. Obj. to Dec. [ECF No. 25]). In reply, Plaintiff contends that evidentiary standards applicable at the summary judgment stage and trial are not applicable at the conditional certification stage and that he has adequately supported his Motion. (*See* Reply at 5–6). The Court agrees with Plaintiff.

As this Court noted in *Combs v. Twins Grp., Inc.*, the Sixth Circuit has yet to address the applicable evidentiary standard at the conditional certification stage of the litigation. No. 3:16-cv-925, 2016 WL 7230854, at *2 (S.D. Ohio Dec. 14, 2016). While some courts within the Sixth Circuit require "only admissible evidence at this stage—as on summary judgment," others permit a plaintiff to proceed merely on the allegations in the complaint. *Id.* (citing *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005)). Courts that have declined to impose summary judgment evidentiary standards at the conditional certification stage "have reasoned that requiring 'more at this stage of litigation would defeat the purpose of the two-stage analysis under Section 216(b).'" *Id.* (quoting *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn. 2009)); *see also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015).

The *Combs* Court found that "[t]he rationale for applying a less rigorous evidentiary

standard" at the conditional certification stage to be sound, noting that defendants have the opportunity to move to decertify the collective action after discovery. *Id.* at *3. The Court, however, found that "some factual showing is required at this stage.[,]" and declined to conditionally certify the collective as the plaintiff's declaration did "not contain facts showing that he ha[d] actual or even constructive knowledge that his fellow crew members . . . worked overtime hours for which they were not paid." *Id.*

In support of his motion for conditional certification, Bailey has submitted his own sworn statement and declarations of other former workers of Black Tie, all of which state that Black Tie failed to pay plaintiff and the three Declarants overtime compensation. (Pl. Dec. ¶ 11; Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11). The Court finds that these sworn declarations are sufficient at this stage. *See, e.g., Douglas v. GE Energy Reuter Stokes*, No. 1:07-cv-77, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) ("'At the notice stage, the district court makes a decision—based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.'") (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). Further, as certification is conditional, Black Tie will have the opportunity to move for decertification after the close of discovery. Thus, the Court finds that Plaintiff has sufficiently supported his Motion for Conditional Certification.

### 2. Request for Discovery Prior to Conditional Certification

Black Tie requests that the Court delay ruling on Plaintiff's Motion for Conditional Certification and first permit Black Tie to engage in discovery. (*See* Def. Opp'n at 8). Black Tie submits; "a question of law exists at this stage of the lawsuit which should be determined before the Court certifies a collective and allows opt-in notices to be mailed to potential members of the collective." (*Id.* at 10). Bailey, however, avers that discovery is not necessary at the first stage of

conditional certification and ask that the Court deny Black Tie's request to refrain from granting conditional certification until after discovery. (*See* Reply at 7–8). Bailey notes that the Court regularly grant conditional certification prior to discovery. (*Id.* at 8) (citing *Jungkunz*, 2014 WL 1302553, at *6). Alternatively, Bailey requests that if the Court allows discovery prior to conditional certification, that the statute of limitations be tolled for any member of the putative class that may join the action later. (*Id.* at 8–9).

In this district, conditional certification is regularly sought, and granted, prior to discovery. *See Parker v. Breck's Ridge, LLC*, No. 2:17-cv-633, 2018 WL 551328, at *2 (S.D. Ohio Jan. 24, 2018) (citing *Jungkunz*, 2014 WL 1302553, at * 6) ("During the first stage, *which generally takes place prior to or at the beginning of discovery . . . .*") (emphasis added). The cases that Black Tie cites do not support a finding that conditionally certifying an FLSA class prior to discovery is required.[2] Rather, the cases upon which Defendants rely focus on whether a worker is an independent contractor or an employee. (*See* Def. Opp'n at 8–10). The Court need not address the merits of a plaintiff's claims at the first stage of conditional certification. As such, Black Tie's request that the Court refrain from granting conditional certification prior to discovery is not well taken.

### 3. Similarly Situated

As stated, *supra*, a plaintiff can establish that he and the putative class are similarly situated either by demonstrating that they all "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, *even if the proofs of these theories are inevitably individualized and distinct.*'" *Ford*, 2016 WL 2729700, at *2 (S.D.

---

[2] The cases that Black Tie cites to include: *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518 (6th Cir. 2011); *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994); and *Lilley v. BTM Corp.*, 958 F.2d 746 (6th Cir. 1992).

9

Ohio May 11, 2016) (citations omitted and emphasis added).

> Bailey submits that he is similarly situated to the putative class as he has
>
> demonstrated that [he] and others similarly situated were jointly employed by Defendants as non-exempt employees to perform non-exempt work. Plaintiff[] ha[s] demonstrated that [he is] covered by the FLSA. Plaintiff[] ha[s] demonstrated that [he] and others similarly situated regular[ly] worked more than 40 hours per week, and that Defendants paid them no overtime compensation and the Defendants failed to record all hours worked. Plaintiff[] ha[s] demonstrated that [he is] similarly situated to other putative collective members in the United States. Plaintiff[] ha[s] demonstrated that Defendants' conduct was knowing and willful, supporting notice going back three years from the filing of the complaint.

(Mot. for Cond. Cert. at 9) (footnotes omitted). Black Tie, however, avers that Bailey has failed to demonstrate that he is similarly situated to the putative class. (*See* Def. Opp'n at 10–14). Black Tie submits:

> Determining whether Black Tie paid its drivers and movers for all of the time they allegedly worked requires examining each such driver and mover individually and independently to determine the jurisdiction where each person worked, what the employment period was for each affected person, the duties of each person performed, what the hours allegedly worked were for each affected person, what each affected person was paid, whether each affected person should have been paid for additional time, and the number of hours each affected person worked during the week(s) in question. These variations are too drastic to permit the assertion that the affected employees are similarly situated.

(Def. Opp'n at 10–11). In reply, Plaintiff maintains that his FLSA claims and the claims of the putative class members are unified by common theories of Defendants' liability and, thus, conditional class certification is appropriate. (*See* Reply at 3). Bailey further submits that "Defendants admit that they have a company-wide policy and practice of classifying Plaintiff and those similarly situated as 'independent contractors,' and have even themselves called these workers 'employees.'" (*Id.* at 4) (citing Def. Initial Disclosures at 3 [ECF No. 28-1]). Plaintiff draws the Court's attention to the following facts to support his assertion that conditional certification is appropriate:

- Defendants jointly operated as "Black Tie Moving" in the moving business, including providing services such as packing, loading, unloading, and storage. [Pl. Dec. ¶¶ 2–3; Holly Dec. ¶¶ 2–3; Lawson Dec. ¶¶ 2–3; Phipps Dec. ¶¶ 2–3; *see also* Am. Compl. ¶¶ 38–56]
- Defendants jointly employed Plaintiffs and others similarly situated to perform, manual, non-exempt work related to Defendants' local and/or intrastate moving jobs. [Pl. Dec. ¶¶ 1–4, 6–7; Holly Dec. ¶¶ 1–4, 6–7; Lawson Dec. ¶¶ 1–4, 6–7; Phipps Dec. ¶¶ 1–4, 6–7; *see also* Am. Compl. ¶¶ 18, 20–22, 26–27]
- Defendants operate in at least the states of Arizona, Arkansas, Georgia, Kentucky, Ohio, Tennessee, Texas, Florida, and California. [Am. Compl. ¶ 21]
- In addition to the Declarations, there are now representative Plaintiffs spanning Ohio, Tennessee, and Texas; and Defendants admitted to a company-wide practice of classifying these and similarly situated workers as "independent contractors." [Pl. Dec. ¶ 11; Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11]
- Plaintiff and others similarly situated performed compensable work and compensable drive time that was unpaid, whether it occurred at the beginning of the day, middle of the day, or end of the day. [Pl. Dec. ¶¶ 8–10; Holly Dec. ¶¶ 8–10; Lawson Dec. ¶¶ 8–10; Phipps Dec. ¶¶ 8–10; Am. Compl. ¶¶ 28–34]
- Plaintiff and others similarly situated regularly worked more than 40 hours in a workweek, and Defendants did not pay them any overtime compensation at a rate of at least one and one-half times their regular rates. [Pl. Dec. ¶ 11; Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11; Am. Compl. ¶¶ 35–37].

(*Id.*) (footnotes omitted).

The Court agrees with Plaintiff; based on the facts highlighted in Plaintiff's Motion and Reply, the Court finds that Plaintiff has sufficiently demonstrated that he is similarly situated to the putative class. In *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888 (S.D. Ohio 2018), the Court noted that "[t]o obtain conditional certification, [a p]laintiff need only make a modest factual showing that [he is] similarly situated to the putative class members." *Hall*, at 896 (citing *Comer*, 454 F.3d at 546–47). The Court found that the *Hall* plaintiffs had made such a showing "through declarations stating that they and the putative class members' claims are unified by a common theory – that they have been misclassified as independent contractors when they were indeed employees." *Id.*

Defendants, relying on out-of-Circuit precedent,[3] assert that Plaintiff has failed to sufficiently demonstrate that the members of the putative class are similarly situated. (*See* Def. Opp'n at 11–13). Defendants further aver that the "variations" between the putative class members' situations "are too drastic to permit" conditional certification. (*See id.*). Neither of these arguments is persuasive. Here, like in *Hall*, the declarations that Plaintiff submitted in support of his Motion for Conditional Certification, all allege that Plaintiff and the three Declarants have been misclassified as independent contractors when they are actually employees. (*See* Pl. Dec. ¶ 11; Holly Dec. ¶ 11; Lawson Dec. ¶ 11; Phipps Dec. ¶ 11). Thus, Plaintiff is similarly situated to the putative class as Plaintiff and the putative class members are unified by a common theory. As such, the Court finds that Plaintiff has proffered sufficient evidence, at this stage of the litigation, to support the conclusion that he is similarly situated to the putative class.

### III. Opt-In Notice

Bailey requests that the Court approve his proposed opt-in notice and procedure for disseminating the notice to the putative FLSA class members and have attached a proposed Notice and Consent to Join Form (the "Notice") to his Motion for Conditional Certification. (*See generally* Notice [ECF No. 22-1]). The Notice states, in pertinent part: "If you currently or formerly worked for BLACK TIE MOVING as driver, mover, or related worker with different job title during the time period of April 29, 2016 to present, then a Fair Labor Standards Act ("FLSA") collective action may affect your rights." (Notice at 1 [ECF No. 22-1]) (emphasis omitted). Black

---

[3] In support of their contention that Plaintiff has failed to demonstrate that he is similarly situated to the other putative class members, Defendants draw the Court's attention to the following cases: *Lugo v. Farmer's Pride Inc.*, 737 F. Supp. 2d 291 (E.D. Pa. 2010); *Morisky v. Pub. Serv. Elec. & Fas Co.*, 111 F. Supp. 2d 493 (D.N.J. 2000); *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d (S.D.N.Y. 2015); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014)

Tie, in turn, objects to several aspects of the proposed notice and notice procedure.

Courts have authority to supervise notice to putative class members. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). Accurate and timely notice concerning the pendency of a collective action promotes judicial economy because it discourages class members from filing numerous identical suits and allows them to pursue their claims in one case where the same issues of law and fact are already being addressed. *Id.* at 170.

### 1. Applicable Statute of Limitations

Defendants' first objection to the Notice centers on the inclusion of workers "during the time period April 29, 2016 to the present." (Def. Opp'n at 14) (internal quotations omitted). Defendants submit that, absent a willful violation of the FLSA, the statute of limitations for a wage claim brought under the FLSA is two years. (*Id.*). Defendants further assert that, as Plaintiff commenced this action on April 29, 2019, "the earliest relevant date to a collective action would be April 29, 2017—not April 29, 2016." (*Id.*). Black Tie additionally avers that the statute of limitations does not toll for those who have yet to join the action, even after the commencement of suit. (*Id.*) (*citing Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019)).

Plaintiff asserts that "Courts regularly approve three-year notice," and failing to do so here would be "premature, as merits are not decided at this stage of the litigation." (Reply at 10) (*citing Wysincavage v. Penn Nat'l Gaming, Inc.*, No. 2:16-cv-1063, 2017 WL 5129003, at *2 (S.D. Ohio Oct. 23, 2017); *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1042 (S.D. Ohio 2018); *Douglas v. J & K Subway, Inc.*, No. 4:14-cv-2621, 2015 WL 770388, at *3 (N.D. Ohio Feb. 23, 2015);

*Bacon v. Subway Sandwiches & Salads LLC*, No. 3:14-cv-192, 2015 WL 729632, at *6 (E.D. Tenn. Feb. 19, 2015)).

Plaintiff is correct. In *Smith v. Generations Healthcare Servs. LLC*, this Court used a three-year limitations in the notice promulgated to the class, finding that "[w]hether Defendants' alleged FLSA violations are 'willful' is a question better suited for a later stage of the litigation." No. 2:16-cv-807, 2017 WL 2957741, at *6 (S.D. Ohio July 11, 2017) (citing *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-cv-386, 2017 WL 127481, at *9 (S.D. Ohio Jan. 13, 2017) (using three-year limitations period for willful violations at notice stage); *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 735 (S.D. Ohio 2016) (finding the absence of willful conduct not established by the pleadings at the notice stage and using a three-year limitations period.)). The Court finds no reason to depart from it's previous well-reasoned decision declining to impose a two-year statute of limitations prior to discovery. Accordingly, Defendant's first objection is overruled.

### 2. Ambiguous Language

Black Tie next asserts that the language "'related worker with different job title' is confusing, vague and ambiguous." (Def. Opp'n at 15) (quoting Notice at 1). Plaintiff submits that "the proposed Notice can . . . be amended to identify 'those who performed work for Black Tie Moving, including but not limited to drivers and movers.' Alternatively, the parties can confer to come to agreeable language, should conditional certification be granted." (Reply at 12). Accordingly, the parties are hereby **ORDERED** to meet and confer to resolve this objection. Any objection Defendants have to this specific portion of the new proposed notice must be submitted to the Court within **14 days** of the issuance of this Opinion and Order.

### 3. Return Notice

Defendants' final objection to the Notice concerns the manner in which the Consent to Join

forms (the "consent forms") should be returned. (*See* Def. Opp'n at 15–16). Plaintiff's purposed Notice permits for the consent forms to be returned "by mail, fax, or email[.]" (Notice at 1).

Defendants assert that the putative class members should not be permitted to return the consent form by email for two reasons: 1) the consent form must be actually signed and "an electronic signature cannot be verified as having actually been signed by the person in issue[;]" (Def. Opp'n at 15) (emphasis omitted); and 2) return of the consent forms by email raises "privacy and confidentially concerns[;]" (*id.* at 16). However, as Plaintiff points out, the Court has previously allowed for consent forms to be returned via email; *see Parker*, 2018 WL 551328, at *6; and the Court is disinclined from prohibiting opt-in Plaintiffs from returning their consent forms through email here. Accordingly, Defendants' final objection to the Notice is overruled.

## IV.

For the reasons stated above, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 22) is **GRANTED in part and DENIED in part**. The parties are **ORDERED** to meet and confer about the content of Plaintiff's proposed Notice and resolve the unresolved objection; in accordance with this Opinion and Order, Defendants shall submit any objection they may have with the new proposed notice within **14 days** of the issuance of this Opinion and Order.

**IT IS SO ORDERED.**

\_\_11-12-2019\_\_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**